IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-NC2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC2, Plaintiff, | § § § § § § § | |
| v. | § § | Civil Action No. 1:21-cv-00087 |
| KARIN LESLEY SANCHEZ-JENSTERLE, JESSE JENSTERLE MONTOYA, AND KRISTINA JENSTERLE MONTOYA HAAS INIDIVDUALLY AND IN HER CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF THOMAS R. MONTOYA, DECEASED, Defendants. | § § § § § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-NC2, Mortgage Pass-Through Certificates, Series 2006-NC2 ("Plaintiff" or "Deutsche Bank"), files this *Plaintiff's Original Complaint* against Karin Lesley Sanchez-Jensterle, Jesse Jensterle Montoya, and Kristina Jensterle Montoya Haas individually and in her capacity as Independent Executor of the Estate of Thomas A. Montoya, Deceased and respectfully shows the Court:

### I.   PARTIES

1.   Plaintiff Deutsche Bank appears through the undersigned counsel.

2.   Thomas R. Montoya was co-mortgagor under a certain Loan Agreement. Thomas R. Montoya died on August 1, 2015. A probate proceeding was opened for Thomas R. Montoya in the County Court at Law of Caldwell County, Texas (the "Probate Court") as cause number 10369. On May 12, 2020, the Probate Court signed an Order Probating Will and Authorizing

Letters Testamentary, appointing Defendant Kristina Jensterle Montoy Haas as Independent Executor of the Estate of Thomas R. Montoya, Deceased. A true and correct copy of the O*rder Probating Will and Authorizing Letters Testamentary* is attached hereto as **Exhibit A**.[1] "Under the Texas Estates Code, a 'personal representative' is defined as an executor or administrator, or a successor thereof." *Turk v. Mangum*, 268 F. Supp. 3d 928, 935 (S.D. Tex. 2017) (citing Tex. Est. Code § 22.031). The personal representative of a decedent's estate has the capacity to sue or be sued on behalf of the estate. *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016). Therefore Plaintiff brings this action against Defendant Kristina Jensterle Montoya Haas in her capacity as Independent Executor of the Estate of Thomas R. Montoya, Deceased. Defendant Kristina Jensterle Montoya Haas, Independent Executor of the Estate of Thomas R. Montoya, Deceased may be served with process at 9242 Gee Street, Juneau, Alaska 99801. Summons is requested.

3. Karin A. Montoya was co-mortgagor under the same Loan Agreement. Karin A. Montoya died on April 25, 2015. Upon information and belief, no probate is open for Karin A. Montoya's estate in Caldwell County, which is the county in which the subject property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Karin A. Montoya's estate. Pursuant to Texas Estates Code sections 101.001 and 101.051, Karin A. Montoya's heirs at law ("Heirs") acquired all of Karin A. Montoya's estate, immediately upon her death. Karin A. Montoya's Heirs are made parties in this proceeding pursuant to Texas Civil Practice and Remedies Code section 17.002.

4. Defendant Karin Lesley Sanchez-Jensterle is a child and heir of Karin A. Montoya, Deceased. Defendant Karin Lesley Sanchez-Jensterle may be served with process at 2911

---

[1] The documents attached to this *Plaintiff's Original Complaint* are made a part of this proceeding for all purposes and are true and correct copies of documents pertaining to the property at issue. Plaintiff asks the court to take judicial notice of all documents that are public record for the purposes of this proceeding.

Sycamore Springs Drive Apartment 612, Kingwood, Texas 77339 or such other place as she may be found. Summons is requested.

5. Defendant Jesse Jensterle Montoya is a child and heir of Karin A. Montoya, Deceased. Defendant Jesse Jensterle Montoya may be served with process at 625 Vista Lake, Spring Branch, Texas 78070 or such other place as he may be found. Summons is requested.

6. Defendant Kristina Jensterle Montoya Haas, individually, is a child and heir of Karin A. Montoya and the primary or sole devisee of the Last Will and Testament of Thomas R. Montoya. Defendant Kristina Jensterle Montoya Haas may be served with process at 9242 Gee Street, Juneau, Alaska 99801 or such other place as she may be found. Summons is requested.

## II.   PROPERTY

7. This proceeding concerns the real property and improvements commonly known as 325 South Frio Street, Lockhart, Texas 78644 and more particularly described as,

> Field Notes describing 0.297 of an acre of land called 0.29 of an acre in a conveyance to David Martin Hornberger, Volume 409, Page 95, Deed Records, Francis Betty League, A-2, City of Lockhart, Caldwell County, Texas and described by metes and bounds as follows:
>
> Beginning at a fence corner marking the north corner of the herein described tract, the east corner of a tract described in Volume 398, Page 107, Deed Records, situated in the southwest R.O.W. of Frio Street;
>
> Thence with the southwest R.O.W. of Frio Street S30º35'28"E 112.16 feet to a fence corner marking the east corner of the herein described tract, the north corner of a tract described in Volume 266, Page 438, Deed Records;
>
> Thence with the fenced northwest line of the tract described in Volume 266, Page 438, Deed Records S60º02'30"W 117.13 feet to an iron pin found marking the south corner of the herein described tract, the east corner of a tract described in Volume 386, Page 120, Deed Records;
>
> Thence with a fence N29º42'00"W 111.00 feet to an iron pin found marking the north corner of the tract described in Volume 368, Page 120, Deed Records, the west corner of the herein described tract and situated in the southeast line of the tract described in Volume 398, Page 107, Deed Records;

    Thence with the fence N59º27'50"E 114.82 feet to the place of beginning and containing 0.297 of an acre of land. The orientation of the bearings is based on the deed call for the southwest line of the herein described tract.

(the "Property").

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this dispute under 28 U.S.C. section 1332 because there is complete diversity between Deutsche Bank and Defendants and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Deutsche Bank has the right to foreclose upon the Property, which is real property securing the repayment of a debt pursuant to a security instrument lien.

9. Plaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc. Asset-Backed Pass-Through Certificates, Series 2004-R8 ("Deutsche Bank") is the trustee of a trust. A trustee who possesses "customary powers to hold, manage, and dispose of assets" is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). "[W]hen a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs." *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357 (5th Cir. 2017) (quoting *Justice v. Wells Fargo Bank National Association*, 674 F. App'x 330, 332 (5th Cir. 2016) (quoting *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016))). A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). Because Deutsche Bank National Trust Company's main office is in California, Plaintiff is a citizen of California for diversity purposes. *See FFGGP, Inc. v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 3:16-CV-0742-M-BK, 2017 U.S. Dist. LEXIS 162336, at *6 (N.D. Tex. Sep. 6, 2017).

10. Defendants are individuals and citizens of the states of Texas and Alaska, and no Defendant is a citizen of the state of California. Defendant Karin Lesley Sanchez-Jensterle is an individual and citizen of the state of Texas. Defendant Jesse Jensterle Montoya is an individual and citizen of the state of Texas. Defendant Kristina Jensterle Montoya Haas individually and in her capacity as Independent Executor of the Estate of Thomas A. Montoya, Deceased is an individual and citizen of the state of Alaska.

11. The amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has asserts the right to foreclose upon the Property that secures the repayment of the debt pursuant to the security instrument lien. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)). In a foreclosure action where the plaintiff calls into question the right to own certain real property and the value of the property is a stake, "the value of the Property determines the amount in controversy." *Deutsche Bank Nat'l Tr. Co. v. Spangler*, No. SA-15-CA-356-OLG, 2015 U.S. Dist. LEXIS 183109, at *9 (W.D. Tex. 2015) (citing *McDonald v. BNYM Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property")); *Christiana Trust v. Jacob*, No. 7:15-CV-033-DAE, 2016 U.S. Dist. LEXIS 113010, *2 n.1 (W.D. Tex. Aug. 23, 2016) (amount in controversy in suit for foreclosure is the value of the property); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12-cv-768-ALM, 2013 U.S. Dist. LEXIS 41583, at *7–8 (E.D. Tex. Feb. 22, 2013). The value of a property for a diversity jurisdiction analysis may

be determined by the county's central appraisal district. *Statin v. Deutsche Bank Nat'l Tr. Co.*, 599 F. App'x 545, 546–47 (5th Cir. 2014) (finding that county appraisal district assessments commonly prove the amount-in-controversy requirement); *Hearn v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-2417-B, 2013 U.S. Dist. LEXIS 164084, at *12 (N.D. Tex. Nov. 18, 2013) ("The appraisal printout from the Dallas Central Appraisal District is competent evidence that this Court may rely upon in determining the amount in controversy."); *see Lovett v. HSBC Mortg. Servs.*, No. 3:13-CV-03593-O-BK, 2014 U.S. Dist. LEXIS 17083, at *10 (N.D. Tex. Jan. 27, 2014). In 2020, the Caldwell County Appraisal District assessed Property at issue here at a market value of $116,890.00. A true and correct copy of Property Details from the Caldwell County Appraisal District is attached hereto as **Exhibit B**.

12. Venue is proper in the Western District of Texas, Austin Division because this usit concerns title to real property located in Caldwell County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV. SUMMARY OF FACTS

13. On March 24, 2006, Thomas R. Montoya executed a *Texas Home Equity Note (Fixed Rate – First Lien)* ("Note") in the principal amount of $94,500.00 in favor of Home123 Corporation as "Lender." A true and correct copy of the Note is attached hereto as **Exhibit C**. Concurrently with the Note, Thomas R. Montoya and Karin A. Montoya executed a *Texas Home Equity Security Instrument (First Lien)* ("Security Instrument" and, together with the Note, "Loan Agreement") securing the Note with the Property. A true and correct copy of the Security Instrument is attached hereto as **Exhibit D**. Plaintiff is the current owner and holder in physical possession of the Note endorsed in blank.

14. On April 25, 2015, Karin A. Montoya died. In accordance with Texas Estates Code sections 101.001(b) and 101.051, Karin A. Montoya's heirs acquired all of Karin A. Montoya's interest in the Property immediately upon Karin A. Montoya's death, subject to the Loan Agreement debt owed to Plaintiff. Karin A. Montoya was survived by her spouse Thomas R. Montoya and three children, namely, Defendants Karin Lesley Sanchez-Jensterle, Jesse Jensterle Montoya, and Kristina Jensterle Montoya Haas.

15. On August 1, 2015, Thomas R. Montoya died. Exh. A. On May 12, 2020, the Probate Court appointed Defendant Kristina Jensterle Montoy Haas (the "Executor") as Independent Executor of the Estate of Thomas R. Montoya, Deceased. *Id.* The order appointing the Executor specifies "that no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims, or an affidavit in lieu of the Inventory, Appraisement, and List of Claims, as required by law and the notice to distributes required by Section 308.001 et seq. of the Texas Estates Code." *Id.*

16. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

17. The Loan Agreement fell into default when the December 1, 2017 payment came due, owing, and unpaid. On April 18, 2018, notices of default and request to cure ("Demand") were sent to Karin A. Montoya and Thomas R. Montoya (together, "Decedents") via certified mail

at the Property address, which was their last known mailing address at the time. True and correct copies of the Demand are attached hereto as **Exhibit E**. The default was not cured.

18. With this *Original Complaint*, Plaintiff accelerates the amounts due and owing on the Loan Agreement.

19. Through January 15, 2021, the total amount due and owing under the Loan Agreement was at least $133,503.47. A true and correct Payoff Quote is attached hereto as **Exhibit F**.

20. Though some if not all of Defendants have the use, benefit, and enjoyment of the Property, they have failed or refused to pay the debt evidenced by the Loan Agreement.

21. Plaintiff brings this suit for foreclosure so that Plaintiff may enforce its security interest in the Property.

## V.   CAUSES OF ACTION

### A. Enforcement of Statutory Probate Lien

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. Pursuant to the Texas Uniform Declaratory Judgment Act in Texas Civil Practice and Remedies section 37.001, Plaintiff seeks a declaration that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the Texas Estates Code. Texas Estates Code sections 101.001 and 101.051 provide that the estate of a person who dies vests immediately in the person's heirs at law or devisees, subject to the payment of and still liable for the deceased person's debts.

24. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code sections 101.001 and 101.051, Plaintiff has an enforceable and superior lien against the interests in the Property of those Defendants who are Karin A. Montoya's Heirs and against the Estate of Thomas R. Montoya, Deceased. Because of a material breach of the Loan Agreement, Plaintiff seeks to

enforce its statutory probate lien against the interests in the Property of Karin A. Montoya's Heirs and the Estate of Thomas R. Montoya, Deceased, in accordance with the terms of the Loan Agreement and Texas Property Code section 51.002 or Texas Rule of Civil Procedure 309.

### B. Foreclosure

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court in accordance with Texas Rule of Civil Procedure 735 to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code section 51.002 with respect to all Defendants who acquired the Property subject to Decedents' debts.

27. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code section 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Since no personal liability is sought against the defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce, as well as into the housing stock of the community.

28. In the alternative, Pursuant to Texas Rules of Civil Procedure 735.3 and 309, Plaintiff seeks a judgment for foreclosure together with an order of sale issued to the Caldwell County sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

### C. **Breach of Contract**

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Plaintiff asserts a cause of action for breach of contract against Defendants. The Loan Agreement is a contract and Plaintiff performed its obligations fully under it. Defendants breached the contract by failing to substantially perform material obligations required under it (principally, the payment of amounts due under the Note). Such breach is the proximate cause of injury and damages to Plaintiff. For these damages, Plaintiff seeks a judgment of foreclosure of the Property.

### D. **Trespass to Try Title**

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under the Texas Uniform Declaratory Judgment Act in Texas Civil Practice and Remedies Code chapter 37, that the Defendants are divested of all of their right, title, and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff. Title as to both Plaintiff and Defendants is derived from a common source.

### E. **Attorneys' Fees**

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the terms of the Loan Agreement and Texas Civil Practice and Remedies Code sections 37.009 and 38.001 and to the extent allowed under Section 50(a)(6), Article XVI of the Texas Constitution. Attorneys' fees are not sought as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument.

# PRAYER

For these reasons, Plaintiff requests that Defendants be cited to appear and answer and that, upon final hearing, the Court enter judgment granting:

a. A declaration that Decedents' heirs-at-law or estates have been made parties to this suit and are vested with Decedents' right, title and interest in the Property;

b. A declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and the purchaser at the foreclosure sale is vested with all of Decedents' right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

d. Attorneys' fees and costs of suit, not as a personal judgment against Defendants but only as an additional debt secured by the Security Instrument; and

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**DANIEL G. VAN SLYKE**
Texas Bar No. 24097230
dvanslyke@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

*Attorneys for Plaintiff*